UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JEFFREY VINCENT** | * | **CIVIL ACTION NO.:** |
| | * | |
| | * | **JUDGE** |
| **VERSUS** | * | |
| | * | **MAGISTRATE JUDGE** |
| | * | |
| **EDWARD RICHARDSON, INFINITY COUNTY MUTUAL INSURANCE COMPANY, BLUE HILL SPECIALITY INSURANCE COMPANY and STARR INDEMNITY & LIABILITY COMPANY** | * * | **JURY DEMAND** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE REMOVAL

PLEASE TAKE NOTICE, Defendant, Starr Indemnity & Liability Company by and through undersigned counsel, hereby submits this Notice of Removal of the state court action referenced herein to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332, 1441, and 1446. In support of its removal, Starr Indemnity & Liability Company respectfully avers as follows:

I.

On January 18, 2022, Plaintiff Jeffrey Vincent ("Plaintiff") filed a Petition for Damages entitled *"Jeffrey Vincent versus Edward Richardson, et al"* bearing suit number 1046815, in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana.[1]

II.

Plaintiff has asserted personal injury claims arising out of an alleged motor vehicle accident that occurred on June 25, 2020 between a tractor-trailer operated by Plaintiff and a vehicle being driven by Edward Richardson ("Richardson").[2]

---

[1] Petition for Damages, attached as Exhibit 1.

III.

Plaintiff's Original Petition for Damages asserted personal injury claims against Richardson and his personal insurer Infinity County Mutual Insurance Company ("Infinity").[3]

IV.

On September 17, 2021, Plaintiff amended his Petition to assert claims against Blue Hill Insurance Company ("Blue Hill") asserting claims for uninsured/underinsured motorist ("UM") coverage.[4] Plaintiff further alleged that Blue Hill issued a UM policy that purportedly provides coverage for Plaintiff.

V.

On January 5, 2021, Plaintiff amended his suit again to assert claims against Starr Indemnity & Liability Company ("Starr") asserting additional claims for uninsured/underinsured motorist ("UM") coverage.[5] Plaintiff further alleged that Starr issued a UM policy that purportedly provides coverage for Plaintiff.[6]

VI.

Starr was served with the Original, First and Second Supplemental Petitions for Damages on Petition for Damages through Louisiana's Secretary of State on February 8, 2022.[7]

VII.

**CONSENT TO REMOVAL**

Defendants Blue Hill, Infinity, and Richardson have consented in writing to the instant removal.[8]

---

[2] Exh 1, paragraph 5.
[3] Exh. 1, paragraph 1, 2.
[4] First Amended Petition, attached as Exhibit 2.
[5] Exh. 2.
[6] Second Amended Petition, attached as Exhibit 3.
[7] See, proof of service, attached as Exhibit 4.
[8] See, consents to removal attached *in globo* as Exhibit 5.

## **DIVERSITY OF CITIZENSHIP**

VIII.

Pursuant to 28 U.S.C. § 1332, this court has jurisdiction over this matter based upon complete minimal diversity of citizenship among the Plaintiff and Defendants.

IX.

According to the Petition for Damages, Plaintiff is domiciled in the State of Louisiana. As such, he is considered a citizen of Louisiana.

X.

According to the Petition for Damages, Richardson is domicile in San Antonio, Texas. As such, he is considered a citizen of Texas.

XI.

Infinity is a foreign insurer organized under the laws of the State of Texas with its principal place of business in Birmingham, Alabama. Infinity is a wholly owned subsidiary of Kemper Insurance, a foreign insurer organized under the laws of the State of Delaware with its principal place of business in Chicago, Illinois. As such, Infinity is considered a citizen of Texas, Alabama, Delaware and Illinois.

XII.

Blue Hill is a foreign insurer organized under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. Blue Hill is a wholly owned subsidiary of Progressive Casualty Insurance Company, a foreign insurer organized under the laws of the State of Ohio with its principal place of business in Mayfield Village, Ohio. As such, Blue Hill considered a citizen of Illinois and Ohio.

## AMOUNT IN CONTROVERSY

### XIII.

On February 2, 2022, Plaintiff's counsel produced to counsel for Starr initial records related to Plaintiff's medical treatment following the accident. Those records indicated Plaintiff had already undergone shoulder surgery and a cervical fusion surgery, with medical expenses already exceeding $160,000, an amount well over the $75,000 threshold for satisfying the amount in controversy requirement of federal diversity jurisdiction.[9]

### XIV

Notwithstanding Plaintiff's medical expenses already incurred, general damage awards associated with a cervical fusion surgery can be sufficient to satisfy the jurisdictional requirement for removal.[10] Therefore, given the extent of the claimed damages and medical treatment received to date, the amount in controversy is sufficient to satisfy federal diversity jurisdiction.

### XV.

Notices of removal are governed by 28 U.S.C. §1446(b), which provides that, "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons… to file the notice of removal." Further, under 28 U.S.C. § 1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant…of…other paper from which it may first be ascertained that the case is one which is or has become removable." Starr, through undersigned counsel, received

---

[9] See, medical expenses breakdown and pertinent operative reports attached *in globo*, attached as Exhibit 6.
[10] *Copell v. Arceneaux Ford, Inc.*, 20-299 (La.App. 3 Cir. 06/09/21), 322 So.3d 886 ($150,000 general damages); *Fontenot v. UV Insurance Risk Retention Group, Inc.*, CA 20-361 c/w CA 20-362 (La.App. 3 Cir. 04/14/21), ($250,000 general damages)

medical records indicating Plaintiff's medical treatment and expenses incurred on February 2, 2022 and was served with the Original, First Supplemental and Second Supplemental Petitions for Damages on February 10, 2022. Starr removed this matter within 30 days of service of process information and within one year of this suit being filed.[11] Accordingly, the instant removal is timely.

XVI.

The United States Court for the Middle District of Louisiana is the federal judicial district embracing the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, where suit was originally filed. Venue is therefore proper in this district court pursuant to 28 U.S.C. § 1441(a).

XVII.

Since there is complete diversity of citizenship between Plaintiff and the Defendants and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this court has jurisdiction over the civil action pursuant to 28 U.S.C. § 1332 and 1367, Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441 and 1446.

XVIII.

Starr has good and sufficient defenses to the Plaintiff's claims for relief and dispute all rights to the relief prayed for in Plaintiffs' Petition for Damages.

WHEREFORE, Defendant, Starr Insurance Company, prays that the above-entitled cause on the docket of the 18th Judicial District Court, Parish of West Baton Rouge, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Middle District of Louisiana and for trial by jury and other determinations as required by law.

---

[11] *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

Respectfully submitted,

*/s/ Caroline M. Murley*
D. Scott Rainwater, La Bar No. 30683
Jared A. Davidson, La. Bar No. 32419
Caroline M. Murley, La Bar No. 36599
cmurley@twpdlaw.com
TAYLOR, WELLONS, POLITZ & DUHE, LLC
1555 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899

**Counsel for Starr Indemnity & Liability Company**

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing *Notice of Removal* has been electronically filed with the Clerk of Court of the United States District Court for the Middle District of Louisiana by using the CM/ECF System. I further certify that I mailed the forgoing document and notice of electronic filing by first-class mail to all counsel of record who are not participants in the CM/ECF system on this 21st day of February, 2022

*/s/ Caroline M. Murley*
TAYLOR, WELLONS, POLITZ & DUHE, LLLC