UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFREY VINCENT | CIVIL ACTION |
| VERSUS | |
| EDWARD RICHARDSON, et al. | NO. 22-123-JWD-SDJ |

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 8, 2023.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JEFFREY VINCENT | CIVIL ACTION |
| VERSUS | |
| EDWARD RICHARDSON, et al. | NO. 22-123-JWD-SDJ |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Remand (R. Doc. 5) filed by Plaintiff Jeffrey Vincent on March 23, 2022. Starr Indemnity & Liability Company, the removing Defendant, has filed an Opposition to Plaintiff's Motion to Remand (R. Doc. 6). As set forth below, it is recommended[1] that this Motion be denied.

**I.    BACKGROUND**

This is a civil action involving claims for damages allegedly sustained by Plaintiff during a motor vehicle collision that occurred on June 25, 2020, between a tractor-trailer being operated by Plaintiff and a vehicle being operated by Defendant Edward Richardson.[2] As alleged by Plaintiff, he "was traveling west on Interstate 10" when Richardson "proceeded to merge into the far-right lane occupied by petitioner … causing him to crash into the left rear corner of the plaintiff's vehicle."[3] Plaintiff also alleges that at the time of the collision Richardson "had a policy of motor vehicle liability insurance" with Defendant Infinity County Mutual Insurance Company.[4]

---

[1] *See, e.g.*, *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) ("[A] motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to *de novo* review.")
[2] R. Doc. 1 at 1 ¶ II; R. Doc. 1-2 at 1-2 ¶¶ 3-5.
[3] R. Doc. 1-2 at 2 ¶ 5.
[4] *Id.* at 2-3 ¶ 9.

On or about June 21, 2021, Plaintiff filed a Petition for Damages against Richardson and Infinity in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana.[5] Plaintiff subsequently filed his First Supplemental and Amending Petition for Damages in the 18th JDC, naming Blue Hill Specialty Insurance Company, Inc., which allegedly provided Plaintiff uninsured/underinsured motorist coverage at the time of the accident, as an additional Defendant.[6] A Second Supplemental and Amending Petition for Damages was filed in the 18th JDC on or about January 7, 2022, which, *inter alia*, named Starr, a second alleged provider of UM/UIM coverage to Plaintiff, as a Defendant as well.[7]

On February 21, 2022, Starr filed its Notice of Removal, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[8] In its Notice of Removal, Starr asserts that "complete minimal diversity of citizenship among the Plaintiff and Defendants" exists.[9] Starr also asserts that the amount in controversy has been met because Plaintiff's medical records indicate that he already has incurred medical expenses in excess of $160,000.[10] Plaintiff, in response, filed the instant Motion to Remand on March 23, 2022, contending that Infinity's "presence as a defendant in this matter destroys the Court's diversity jurisdiction and requires the remand of this case."[11]

## II. LAW AND ANALYSIS

### A. Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of

---

[5] *Id.* at 1.
[6] R. Doc. 1-2 at 6 ¶ 1, 9 ¶ 13.
[7] *Id.* at 11 ¶ 1, 14 ¶ 15.
[8] R. Doc. 1 at 1.
[9] *Id.* at 3 ¶ VIII.
[10] *Id.* at 4 ¶ XIII.
[11] R. Doc. 5-1 at 2.

2

different States," and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *see Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) ("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'") (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008)). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

### B. The Parties' Arguments

In his Motion to Remand, Plaintiff claims that the amount of controversy requirement in this case cannot be met, such that this Court does not have diversity jurisdiction over this matter. Specifically, Plaintiff argues that the amount must be established as to each Defendant, not in aggregate.[12] Per Plaintiff, Infinity's policy limit is $30,000, meaning its maximum liability to Plaintiff is $30,000, far short of the $75,000 amount in controversy requirement.[13] Because

---

[12] R. Doc. 5-1 at 3.
[13] *Id.* at 4.

3

Infinity's liability is capped at $30,000, Starr cannot meet its burden of establishing that the amount in controversy has been satisfied.[14]

In its Opposition to Plaintiff's Motion to Remand, Starr does not contradict Plaintiff's factual assertions. Rather, it argues that federal diversity jurisdiction "remains viable" with respect to the UM/UIM claims against itself and Blue Hill.[15] Per Starr, "[t]he principles of misjoinder enable this Court to retain the claims against Starr and Blue Hill … for further adjudication while severing the claims against Infinity and its insure[d], Edward Richardson … for further adjudication in state court."[16] Thus, Starr asks the Court to sever the negligence claims asserted against Richardson and Infinity, remanding those to state court, and to retain jurisdiction over the claims asserted against Starr and Blue Hill.[17]

### C.  Whether the Court Has Diversity Jurisdiction

#### 1.  Diversity of Citizenship

To establish complete diversity of parties, Plaintiff must be diverse from all Defendants in this action. "Complete diversity 'requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Here, based on the allegations by Starr in its Notice of Removal, and not contradicted by any Party, Plaintiff is a citizen Louisiana.[18] Defendant Richardson is a citizen of Texas.[19] Defendant Infinity is a citizen of Texas, Alabama, Delaware, and Illinois.[20] Defendant Blue Hill is a citizen of Illinois and Ohio.[21] Finally, as alleged in supplemental briefing ordered

---

[14] *Id.*
[15] R. Doc. 6 at 1.
[16] *Id.*
[17] *Id.* at 6.
[18] R. Doc. 1 at 3 ¶ IX.
[19] *Id.* ¶ X.
[20] *Id.* ¶ XI.
[21] *Id.* ¶ XII.

4

by the Court, Defendant Starr is a citizen of Texas and New York.[22] As such, Starr has shown complete diversity among the Parties.

### 2. Amount in Controversy

The question of whether the requisite amount in controversy is met is not so clearly discernible. Courts have wrestled with the issue of whether the amount-in-controversy requirement must be met as to each defendant when defendants are not solidary obligors. It is well-established that the amount in controversy is controlled by policy limits, not by the amount of alleged damages. *See De Luna v. Safeco Ins. Co. of Am.*, No. 14-018, 2014 WL 12876396, at *3 (W.D. Tex. Jun. 9, 2014) ("case law is clear that under the facts here where the alleged damages exceed the policy limits, the amount in controversy is controlled by the policy limits"); *Wheeler v. Farmers Ins. Exchange*, No. 13-951, 2013 WL 4432097, at *2 (W.D. La. Aug. 16, 2013) ("If the policy limits are for an amount below the jurisdictional threshold, the fact that a claimant's actual damages are an amount above tha[t] the threshold does not increase the amount in controversy. The policy limits cap the potential [] amount in controversy …"). In addition, the Fifth Circuit has found that there is no joint liability between primary and excess liability insurers such that claims against each cannot be joined for determining the amount in controversy. *See Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11 (5th Cir. 1961); *Dendinger v. Maryland Cas. Co.*, 302 F.2d 850 (5th Cir. 1962).

In *Wheeler v. Farmers Ins. Exchange*, the Western District tackled an issue similar to the one in the instant case. 2013 WL 4432097. The plaintiff in *Wheeler* was injured in a motor vehicle accident. *Id.* at *1. The plaintiff settled with the liability insurer for the at-fault driver for the full policy limits of $50,000. *Id.* The plaintiff then sought recovery from Farmers Insurance Exchange

---

[22] R. Doc. 20 at 1.

5

under his own $50,000 UM policy. *Id.* Farmers removed the case based on diversity jurisdiction, and the plaintiff moved to remand it, arguing that the amount in controversy requirement could not be met. *Id.* The Western District ultimately remanded the case, finding that the amount in controversy did not include the $50,000 for which the plaintiff previously had settled with the driver's liability insurer, "for which Farmers cannot be held responsible as a legal effect of the potential judgment in this case." *Id.* at **3, 4. The Magistrate Judge, who issued the ruling, then held that, finding the entire amount of the $50,000 UM policy at stake, the amount in controversy had not been met. *Id.* at **3-4.

Following an appeal by the defendants, a District Judge in the Western District, upon review, affirmed the Magistrate's ruling. 2014 WL 280356 (W.D. La. Jan. 22, 2014). The court, citing the Louisiana Supreme Court's ruling in *Rizer v. American Surety and Fidelity Insurance Company*, recognized the "clear statement of law" that "an uninsured motorist carrier and the tortfeasor's liability carrier are not solidary obligors, because each has a separate obligation that is not co-extensive." *Id.* at *1, citing *Rizer v. Am. Sur. & Fid. Ins. Co.*, 95-1200 (La. 3/8/96), 669 So.2d 387, 390. Based on this reasoning, the court specifically found that the driver's liability insurer and Farmers, the plaintiff's UM carrier, were not solidary obligors, meaning the settlement amount did not count toward determining the amount in controversy. *Id.*

Based on these rulings, it would appear that Infinity is not a solidary obligor with any other liability insurer and, as such, the amount in controversy cannot be met as to it based on the $30,000 UM/UIM policy limit. However, very recently, our sister court in the Western District has taken a different approach in determining diversity jurisdiction in a case on point, *Stayler v. Singh*, No. 22-689, 2022 WL 17491049 (W.D. La. Nov. 17, 2022), *report and recommendation adopted*, 2022 WL 17491028 (W.D. La. Dec. 7, 2022). In *Stayler*, the plaintiff was injured when a wheel

6

detached from a truck and struck her car. *Id.* at *1. The plaintiff filed suit against the driver of the truck, his employer, and various insurance companies, including her own UM carrier. *Id.* The policy limit of her UM policy was $15,000, an amount "well below the $75,000 threshold set by 28 U.S.C. § 1332." *Id.* As argued by the plaintiff, "this lawsuit could not result in a lawful judgment against [the UM carrier] in excess of $15,000, and that UM carriers are not considered solidary obligors with liability carriers, so that the amount in controversy requirement is not met as to [the UM carrier], requiring remand." *Id.* at *2.

In analyzing the plaintiff's arguments, the Western District turned to *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005), for guidance. *Id.* at *2. In *Exxon Mobil*, as noted by the Western District, the Supreme Court concluded that a federal court may exercise supplemental jurisdiction in a diversity case "in which the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not, reasoning:

> …. When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment."

*Id.* at *3, quoting *Allapattah*, 545 U.S. at 559. In light of this finding, the Western District reasoned that "[i]f under *Allapattah* a federal court in diversity action may exercise supplemental jurisdiction over additional diverse *plaintiffs* whose claims do not satisfy the amount in controversy requirement, we see no reason why that court would be prevented from exercising supplemental jurisdiction over additional diverse *defendants* whose claims do not satisfy the amount in controversy requirement. *Id.* (emphasis in original).

Citing to 28 U.S.C. § 1367(a), which allows for supplemental jurisdiction over other claims "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," the Western District noted that "there is no question that the claims against

7

[the UM carrier] and [the liability carrier] arise from the same case or controversy because the same accident and injuries allegedly gave rise to the liability of both insurers, allowing the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(a)." *Id.* The Western District then found that, because the UM carrier was diverse from the plaintiff and no other jurisdictional defects were alleged as to the UM carrier, "28 U.S.C. § 1367(b) does not prevent us from exercising supplemental jurisdiction over the claims against [the UM carrier], regardless of the amount of those claims."[23] *Id.*, citing *Exxon Mobil*, 545 U.S. at 558-59. As a result, the plaintiff's motion to remand was denied. *Id.* at *4.

Here, the instant matter presents a factual scenario almost identical to the one in the *Stayler* case. The language of 28 U.S.C. § 1367(a) is not permissive; it mandates that "in any civil action of which the district courts have original jurisdiction, the district courts *shall* have supplemental jurisdiction over all other claims that are so related to claims in the action … that they form part of the same case or controversy." 28 U.S.C. § 1367(a) (Emphasis added). The Court, therefore, should follow the reasoning of the Western District in *Stayler* and exercise supplemental jurisdiction over Plaintiff's claims against Infinity pursuant to 28 U.S.C. § 1367(a), as the claims against all Defendants arise from the same case or controversy, *i.e.*, the motor vehicle collision that occurred on June 25, 2020.

### III. CONCLUSION AND RECOMMENDATION

Accordingly,

---

[23] 28 U.S.C. § 1367(b) provides: "In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332."

8

      **IT IS RECOMMENDED** that the Motion to Remand (R. Doc. 5) filed by Plaintiff Jeffrey Vincent be **DENIED**.

      **IT IS FURTHER RECOMMENDED** that, in light of this ruling, the Parties are instructed to file a supplemental joint status report with updated proposed scheduling order dates within **14 days** of the date the District Judge adopts this recommendation, if this recommendation is so adopted.

      Signed in Baton Rouge, Louisiana, on February 8, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**